UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                          Case No. 21-cr-0015-bhl

DENNIS J. SCHAUMBERG,

          Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

On March 31, 2022, this Court sentenced Defendant Dennis Schaumberg to sixty (60) months' incarceration, to be followed by five (5) years' supervised release for possession of child pornography. (ECF No. 40.) Pursuant to an agreement between the parties, the Court ordered a total restitution amount of $69,000.00 ($3,000.00 per victim.) (*Id.*) Schaumberg is currently incarcerated at FCI Oxford, located in Oxford, Wisconsin, with a projected release date of August 6, 2026. *See* https://www.bop.gov/inmateloc/ (last visited 8/16/24.)

On April 11, 2024, Schaumberg filed a *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). (ECF No. 46.) In his motion, Schaumberg states he has "elevated prostate specific antigens (PSA) indicative of a heightened risk of prostate cancer, especially with family history, an abdominal hernia, and the BOP [has failed] to provide timely care for these conditions." (ECF No. 46-2 at 7). On May 7, 2024, the Court ordered the government to respond to Schaumberg's motion and on June 11, 2024, the government filed a response arguing that the motion should be denied. (ECF No. 52.) Schaumberg has not provided a reply to the government's response or any additional information in support of his motion for compassionate release. For the reasons stated below, the Court will deny Schaumberg's motion.

## DISCUSSION

The Court's consideration of a compassionate release motion is a multi-step process. The Court may modify a term of imprisonment when a defendant so moves "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," and the defendant demonstrates that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *United States v. Sanford*, 986 F.3d 779, 781-82 (7th Cir. 2021) ("the defendant must first present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) or wait 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier") (internal quotations omitted).

If a defendant has exhausted his administrative remedies, the defendant must then show "extraordinary and compelling reasons warrant[ing] such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A). A reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," *id.*, including those set forth in recently amended Guideline Section 1B1.13. A district court has "discretion to evaluate multiple circumstances" and determine whether, "[i]ndividually and collectively," they amount to "extraordinary and compelling reasons" for early release. *United States v. Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023).

Guideline Section 1B1.13 explains that "extraordinary and compelling reasons exist" when:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>   (i) suffering from a serious physical or medical condition,
>   (ii) suffering from a serious functional or cognitive impairment, or
>   (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being

provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. §§ 1B1.13(b)(1)(A), (B), & (C). The Court must also consider whether a reduction in the defendant's sentence is consistent with the sentencing factors set forth in 18 U.S.C. §3553(a), including the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a).

The record confirms, and the government concedes, that Schaumberg has satisfied the exhaustion requirement. (ECF No. 52 at 3.) Schaumberg first applied for compassionate release to the warden at FCI Milan, located in Milan Michigan. On October 19, 2023, the warden denied Schaumberg's request stating that his "medical condition does not meet the criteria" for compassionate release, namely, that an inmate "experienc[e] a deteriorating mental or physical health condition that substantially diminishes [his] ability to function in a correctional facility and conventional treatment promises no substantial improvement to [his] mental or physical condition." (ECF No. 46-2 at 10.) On January 19, 2024, Schaumberg sent a request for "compassionate release" to the warden at FCI Oxford after his transfer from FCI Milan. In support of his release, Schaumberg cites "a prostate cancer diagnosis more than 6 months ago and the lack of medical treatment to address this disease" and a "hernia due to a bowel resection surgery in April 2023[.]" (*Id.* at 9.) According to Schaumberg, he has not received a response from the warden at FCI Oxford. (ECF No. 46 at 3.) Schaumberg has therefore exhausted his administrative remedies by presenting to the warden his request for compassionate release and waiting thirty (30) days before filing this motion.

Schaumberg, however, has not met his burden of showing extraordinary or compelling circumstances warranting his immediate release from custody or a reduction in his sentence. As noted by the government, there is no indication that Schaumberg has been diagnosed with prostate cancer or received a lack of medical care associated with a "heightened risk of prostate cancer" and/or his abdominal hernia. (ECF No. 52 at 6.) Schaumberg's medical records reflect that he has a family history of prostate cancer and on November 14, 2023, a urologist noted Schaumberg's elevated PSA result from August 20, 2023. (ECF No. 53 at 1–7.) The urologist's evaluation,

however, did not result in a diagnosis of prostate cancer. Additional health care records from January 24, 2024, reflect that the Bureau of Prisons is aware that Schaumberg has a family history of prostate cancer and his PSA had risen on the last check. (*Id.* at 11.) The records further note Schaumberg's generally normal exam and recommendation for a prostate MRI, with a scheduled target date of April 24, 2024. (*Id.* at 13.) Schaumberg is "Care Level I, with a low bunk permit and a job in Food Service." (*Id.* at 11.) Inmates in Care Level I are defined as "less than 70 years of age and . . . generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6–12 months." Care Level Classification for Medical and Mental Health Conditions or Disabilities, Federal Bureau of Prisons Clinical Guidance (May 2019), https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf, at p.2 (last visited on 8/16/24). Schaumberg was also cleared for a position in food service with "No Restrictions." (ECF No. 53 at 15.)

Based upon a review of Schaumberg's medical records, there is no evidence to substantiate Schaumberg's claim to the warden at FCI Oxford that he has prostate cancer. The Bureau of Prisons has acknowledged Schaumberg's family history of prostate cancer, is monitoring his PSA results, and has requested further monitoring with an MRI. (*Id.* at 13.) As for Schaumberg's hernia, on May 9, 2024, Schaumberg complained of pain and that he "Can't Pee." (*Id.* at 18–19.) The records reflect that Schaumberg was directed to "[r]eport to medical immediately if N[ausea]/V[omitting]/D[iarrhea] occur or if protruding area turns red or purple or if fever and chills occur." (*Id.* at 19.) Schaumberg "verbalized understanding." (*Id.*) Schaumberg's medical records do not support his claim that the BOP is "fail[ing] to provide timely care for [his] conditions." (ECF No. 46-2 at 7.) The BOP and Schaumberg appear to be satisfactorily managing his risk of prostate cancer and hernia symptoms and, therefore, Schaumberg has not met his burden of demonstrating "extraordinary and compelling circumstances" warranting his immediate release.

In addition, the Court having reviewed the sentencing factors pursuant to 18 U.S.C. § 3553(a), determines that Schaumberg's 60-month sentence remains the appropriate sentence to reflect the seriousness of his offense and promote respect for the law. Schaumberg's advisory guideline range was 63–78 months. (ECF No. 36 at 19.) After taking into consideration the time Schaumberg served in state court confinement for Waukesha County Case No. 2017CF001636, the Court sentenced him to a below-guidelines sentence of 60 months. Schaumberg's sentence

remains sufficient but not greater than necessary to accomplish the sentencing goal of providing just punishment for Schaumberg's serious offense of possession of child pornography.

Accordingly,

**IT IS ORDERED** that Defendant Dennis Schaumberg's motion for compassionate release, ECF No. 46, is **DENIED with prejudice**.

Dated at Milwaukee, Wisconsin on August 16, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge